IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.  ) | Criminal No. 15-87 |
| ) | Civil A. No. 22-1136 |
| ) | Judge Nora Barry Fischer |
| GARRITON JONES, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

AND NOW, this 3rd day of November, 2022, upon consideration of pro se Defendant Garriton Jones' Motion Under 28 U.S.C. § 2255 to Vacate Sentence, (Docket No. 3346), his Amended Motion Under 28 U.S.C. § 2255 to Vacate Sentence, (Docket No. 3358), wherein he seeks to vacate his sentence based on the Bureau of Prison's ("BOP") alleged incorrect computation of his release date and misapplication of RDAP and First Step Act Credits and the Government's Response in opposition, (Docket No. 3361), arguing that the motions are untimely to the extent that Defendant invokes § 2255 and otherwise improperly before this Court,

IT IS HEREBY ORDERED that Defendant's Motions [3346], [3358] are DISMISSED, as untimely and without prejudice.

In so holding, the Court notes that Defendant's § 2255 Motions must be denied because they are barred by the applicable one-year statute of limitations under 28 U.S.C. § 2255(f)(1)-(4). To that end, the Judgment entered in this case became final as of November 13, 2017 and the pending motions were not filed until almost five years later on August 5, 2022 and October 6, 2022, making them untimely under § 2255(f)(1).  *See Kapral v. United States*, 166 F.3d 565, 567 (3d Cir. 1999).  In addition, none of the other possible exceptions set forth in § 2255(f)(2)-(4)

apply in this matter. *See* 28 U.S.C. § 2255(f)(2)-(4). Accordingly, Defendant's allegations under § 2255 must be dismissed as untimely.

Beyond such procedural defects, as the Government argues, the proper avenue for Defendant to contest the BOP's exercise of its discretion as to the execution of his sentence and the computation of same is generally to file a petition for habeas corpus against the Warden of the corrections facility where he is incarcerated under 28 U.S.C. § 2241. *See Burkey v. Marberry*, 556 F.3d 142 (3d Cir. 2009) ("A challenge to the BOP's execution of a sentence is properly brought under 28 U.S.C. § 2241."). A § 2241 petition must be brought by a prisoner in the district where he is incarcerated rather than argued to the sentencing judge. *See United States v. Smith*, 355 F. App'x 656, 657–58 (3d Cir. 2009) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 442-43 (2004)) (challenge to computation of a federal sentence by the Bureau of Prisons properly raised in § 2241 petition in district where the defendant is incarcerated). Moreover, such a claim can only be raised after a defendant has exhausted all of his administrative remedies pursuant to BOP policies and procedures. *See Moscato v. Federal Bureau of Prisons*, 98 F.3d 757 (3d Cir. 1996) ("Federal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241."). "The BOP has a specific internal system through which federal prisoners can request review of any aspect of their imprisonment. That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the Regional Director, and—ultimately—final appeal to the General Counsel." *Hannigan v. Spaulding*, No. 4:22-CV-00152, 2022 WL 2959571, at *1 (M.D. Pa. July 26, 2022) (citing 28 C.F.R. §§ 542.10-19).

In this Court's estimation, Defendant has not shown that he has exhausted his administrative remedies such that any claims under § 2241 are not ripe for judicial review. To

that end, Defendant states that he reached out to FCI Morgantown staff on several occasions to resolve his disputes as to his alleged First Step Act and RDAP credits to no avail. (Docket No. 3346). He adds that he is presently on a "3621e release," lists his home address in Pittsburgh as his mailing address and the BOP website indicates that he is housed at the Residential Reentry Management Office in Pittsburgh. (Docket Nos. 3346; 3358; 3361). Yet, he has neither provided documentation nor alleged that he has taken any steps beyond the informal review by corrections staff at FCI Morgantown to initiate the formal review by the Warden and/or the appeal process within the BOP. (Docket Nos. 3346; 3358). Given same, Defendant's Motions [3346] [3358] must also be dismissed, without prejudice, insofar as they are construed as him seeking relief under § 2241.

*s/ Nora Barry Fischer*
Nora Barry Fischer
Senior United States District Judge

cc/ecf:         All counsel of record

                Garriton Jones
                Reg. No. 35690-068
                RRM Pittsburgh
                1000 Liberty Avenue, Suite 1315
                Pittsburgh, PA 15222
                (via first class mail)

                Garriton Jones
                3419 Universal Street
                Pittsburgh, PA 15204
                (via first class mail)